811 So.2d 947 (2002)
STATE of Louisiana
v.
Frederick M. KNIGHT, Sr.
No. 01-KA-881.
Court of Appeal of Louisiana, Fifth Circuit.
February 13, 2002.
*948 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Churita H. Hansell, Brad Burget, Assistant District Attorneys, Gretna, LA, Attorneys for Plaintiff/Appellee.
Dwight Doskey, New Orleans, LA, Attorney for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD and CLARENCE E. McMANUS.
SOL GOTHARD, Judge.
Defendant, Frederick M. Knight, Sr., appeals his multiple offender adjudication and sentence. For reasons that follow, we affirm.
Defendant was charged by bill of information with theft of goods from Home Depot valued between $100.00 and $500.00 in violation of LSA-R.S. 14:67.10. He initially pled not guilty, but later retracted that plea and entered a plea of guilty. In due course he was sentenced to two years at hard labor.
Subsequently, the State filed a multiple bill of information charging defendant as a fourth felony offender. Defendant filed objections to the multiple bill, in which he admitted he was the same person who was previously convicted in the predicate offenses listed in the multiple bill. In the same pleading defendant maintained that, while LSA-R.S. 15:529.1 on its face would mandate a sentence of life imprisonment, the sentence would be unconstitutional as applied in this case. Defendant also filed a motion to quash the multiple bill of information on the basis that allowing the district attorney the authority to choose between a charge of 14:67 (a misdemeanor) or 14:67.10 (a felony), and then to multiple bill is a violation of equal protection and due process guarantees. The trial court denied the motion to quash, but agreed the imposition of the mandatory life sentence was unconstitutional as applied to this defendant. Accordingly, the trial court vacated defendant's sentence of two years at hard labor and imposed an enhanced sentence of twenty years at hard labor without *949 benefit of probation or suspension of sentence.
Defendant appeals his adjudication as a multiple offender and his enhanced sentence to this court. Defendant assigns two errors. In the first, defendant avers the trial court erred in not informing him of his right to invoke a hearing on the multiple bill of information and of his right to remain silent at that hearing as required by LSA-R.S. 15:529.1(D)(1)(a). Defendant admits he was advised of his right to a multiple bill hearing by defense counsel, but argues he was not advised of the right by the trial court. He further maintains the record is completely devoid of any advice of his right to remain silent. The State responds that the failure of the trial court to advise defendant of his right to a multiple bill hearing is irrelevant because defendant testified he understood he had a right to a hearing and that he was specifically waiving that right. The State further contends it met its burden of proof regarding the predicate convictions.
Before a defendant stipulates to the charges in an habitual offender bill of information, the trial court must advise the defendant of the specific allegations contained in the multiple bill, his right to be tried as to the truth thereof, and his right to remain silent. LSA-R.S. 15:529.1(D)(1)(a) and (3). The failure of the trial court to comply with the requirements of LSA-R.S. 15:529.1(D)(1)(a) and (3) is subject to a harmless error analysis. State v. Dearmas, 606 So.2d 567, 569 (La. App. 5 Cir.1992); overruled on other grounds by State v. Davis, 01-123 (La. App. 5 Cir.7/30/01), 792 So.2d 126.
Generally, the failure of the trial court to advise the defendant of his right to a hearing and his right to remain silent is considered harmless error where the defendant's multiple offender status is established by competent evidence offered by the State at a hearing rather than by admission of the defendant. State v. Palmer, 93-1027 (La.App. 5 Cir. 4/26/94), 636 So.2d 1091, 1093. However, when the defendant stipulates to the multiple bill without having been informed of his right to a hearing or his right to remain silent, by either the court or his attorney, there is reversible error. State v. Brown, 95-377 (La.App. 5 Cir.1995), 665 So.2d 477, 480.
In the present case, defense counsel stipulated to the multiple bill. Defense counsel and the trial judge went through the specific convictions alleged in the multiple bill and then defense counsel stated that there were no objections to any of the factual questions contained in the multiple bill. However, counsel objected to the mandatory life sentence and requested a downward departure.
Defendant then took the stand and testified. At the very beginning of his testimony it was made clear by questioning of defense counsel that defendant understood he had a right to a hearing and to force the State to prove the allegations made in the multiple bill. It is also clear from defendant's testimony that he waived that right. However, there was no specific mention of the right to remain silent. Defendant further testified that he had other convictions in addition to those alleged in the multiple bill of information. He stated that he has been addicted to drugs since 1973. He explained his conviction of distribution of Pethidine, one of the predicate offenses charged in the multiple bill, resulted from the sale of two tablets of the drug he received on a legitimate prescription to an undercover police officer. He stated that all of his convictions either involved drugs, or theft for the purpose of obtaining drugs.
At the conclusion of defendant's testimony, defense counsel argued his motion to quash the multiple bill as unconstitutional, and argued for a downward deviation from *950 the mandatory life sentence. After denying the motion to quash, the trial court sentenced defendant as a fourth felony offender. The trial court did deviate from the mandatory sentence and sentenced the defendant to twenty years at hard labor.
While defendant testified that he understood he was waiving his right to a hearing on the multiple bill, there was no evidence he was advised of his right to remain silent or that he waived that right. That forms the basis of this assignment of error.
We believe the transcript is sufficient to show that defendant intelligently and knowingly waived his rights, and admitted his guilt to the multiple bill, and we find the failure to specifically inform defendant of his right to remain silent is harmless error. In making this decision, we have considered the stipulations by counsel, the defendant's testimony, and the exchange between the court, counsel and defendant. See, State v. Jackson, 96-783 (La.App. 5 Cir. 1/28/97), 688 So.2d 123, and cases cited therein. We find no merit in this assignment.
In the second assignment of error, defendant argues that his sentence of twenty years on the multiple bill is excessive. Defendant's predicate offenses listed in the multiple bill of information are, theft of goods between $100.00 and $500.00, distribution of Pethidine, and possession of cocaine. The underlying offense was a guilty plea on a charge of theft of goods valued at between $100.00 and $500.00. Pursuant to LSA-R.S. 15:529.1(A)(c)(ii) as it existed at the time of sentencing, a mandatory life sentence is required if the fourth, or any of the predicate crimes was a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years. In defendant's case, the predicate offense of distribution of Pethidine makes this mandatory sentence applicable.[1]
Defendant concedes the law required the mandatory life sentence, and that the trial court deviated downward from the mandatory sentence. However, he argues the twenty-year sentence imposed is excessive. Defendant argues that several factors, including the fact that none of the crimes were violent in nature, and that the crimes were either ones involving his use of drugs, or his effort to obtain money for drugs, justify a further deviation from the life sentence.
Both the United States and Louisiana Constitutions prohibit the imposition of excessive or cruel punishment. A sentence is constitutionally excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or is nothing more than the needless and purposeless imposition of pain and suffering. State v. Robicheaux, 412 So.2d 1313 (La.1982); State v. Wickem, 99-1261 (La.App. 5 Cir. 4/12/00), 759 So.2d 961, writ denied, 00-1371 (La.2/16/01), 785 So.2d 839. It is presumed that a mandatory minimum sentence is constitutional. The burden is on the defendant to rebut the presumption of constitutionality by showing that he is exceptional. He must show he is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. State v. Lindsey, 99-3256 c/w 99-3302 (La.10/17/00), 770 So.2d 339, cert denied, 532 U.S. 1010, 121 S.Ct. 1739, 149 L.Ed.2d 663 (2000); State v. Johnson, supra, 709 So.2d at 676. The absence of violent offenses in defendant's record cannot be the sole reason, or even the major reason, for *951 declaring a mandatory minimum sentence excessive.
A court may only depart from the mandatory sentence if it finds clear and convincing evidence in the present case that would rebut the presumption of constitutionality. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, 676; State v. Neal, 00-41 (La.App. 5 Cir. 5/30/00), 762 So.2d 281, 286. A deviation from the mandated sentence should only occur in rare cases. Lindsey v. State, supra; State v. Johnson, supra. If there is a finding by the trial court that an enhanced punishment mandated by the Habitual Offender Law, LSA-R.S. 15:529.1, makes no "measurable contribution to acceptable goals of punishment" or that the sentence amounts to nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime," the court has the option and duty to reduce such sentence to one that would not be constitutionally excessive. State v. Dorthey, 623 So.2d 1276, 1280 (La.1993).
In this case the trial court did exercise its option to reduce the mandatory sentence to one that it deemed not to be constitutionally excessive. In so doing the trial court obviously took into consideration the nature of the predicate and underlying offenses and the fact that the one predicate offense which required the mandatory life sentence was the sale of two tablets of a prescription drug legitimately obtained by the defendant. Under these circumstances we find the trial court's downward deviation from the statutory minimum is correct. However, we do not agree that the twenty-year sentence imposed is excessive under the circumstances of this case. Accordingly, we affirm the multiple offender adjudication and the sentence.
Upon review of the record for errors patent pursuant to LSA-C.Cr.P. art. 920, we have discovered that the trial court failed to properly advise defendant of the prescriptive period for post-conviction relief as required by LSA-C.Cr.P. art. 930.8 after imposing the enhanced sentence. Thus, the matter is remanded to the trial court to inform the defendant of the prescriptive period by sending written notice to defendant within ten days of the rendition of this opinion and to file written proof in the record that defendant received such notice. State v. Cordero, 99-44 (La.App. 5 Cir. 6/1/99), 738 So.2d 84, 93, writs denied, 99-1877 and 99-1878 (La.11/24/99), 750 So.2d 981.
AFFIRMED AND REMANDED.
NOTES
[1] This section of the statute was changed by Act 403 effective June 15, 2001.