816 So.2d 363 (2002)
STATE of Louisiana
v.
Angenette BAKER.
No. 01-KA-1397.
Court of Appeal of Louisiana, Fifth Circuit.
April 30, 2002.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Assistant D.A., Alison Wallis, Assistant D.A., Gretna, LA, for Plaintiff-Appellee.
Jane L. Beebe, Louisiana Appellate Project, Gretna, LA, for Defendant-Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD and WALTER F. ROTHSCHILD.
EDWARD A. DUFRESNE, JR., Chief Judge.
The Jefferson Parish District Attorney filed a bill of information charging defendant, Angenette Baker, with theft of goods from JCPenney valued between $100.00 and $500.00 in violation of LSA-R.S. *364 14:67.10. The matter proceeded to trial before a six person jury which found defendant guilty as charged. As a result of this conviction, the trial judge sentenced defendant to two years of imprisonment.
The state subsequently filed a multiple offender bill of information alleging defendant to be a second felony offender based on a 1999 felony conviction for theft of goods. Defendant stipulated to the multiple bill and was found to be a second felony offender. The trial court vacated defendant's original sentence and imposed an enhanced sentence of two years at hard labor without the benefit of probation or suspension of sentence under LSA-R.S. 15:529.1. Defendant now appeals, challenging the sufficiency of the evidence used to convict her of theft.

FACTS
On September 27, 2000, defendant and co-defendant, Tammy Barrow, were shopping in JCPenney at the Oakwood Mall. They had Ms. Barrow's one-year-old baby with them and they each took turns pushing him in the baby stroller. Some of their shopping activity was recorded on store video surveillance. The video shows the two looking around, taking clothes off the racks and either placing the clothes on top of the baby stroller or carrying the clothes in their arms, going in and out of the fitting room, and putting some clothes back on the racks. The video does not show either of the two concealing any items. Approximately thirty minutes after they were first recorded on surveillance video, defendant left the store with the baby stroller. A few minutes later, co-defendant exited the store.
Defendant and co-defendant were then stopped outside of JCPenney by Debra Billiot, a loss prevention agent for the store. They were led back into the store where Ms. Billiot discovered five shirts, three skirts and one pair of blue jeans concealed in the purses of both defendant and co-defendant, as well as in a diaper bag located in the bottom of the baby stroller. Neither defendant nor co-defendant had receipts for any of the items. The total value of the merchandise recovered was $215.98.
At trial, Ms. Barrow testified that she stole the clothes by stuffing them in her purse and the diaper bag. She explained that defendant had no knowledge she took the items or that she had placed the stolen items in a bag under the stroller. Ms. Barrow admitted that she had pled guilty as charged prior to testifying and had received probation and a suspended sentence.

SUFFICIENCY OF THE EVIDENCE
On appeal, defendant challenges the sufficiency of the evidence used to convict her of theft. She specifically contends that the state failed to prove that she had specific intent to steal or that she had knowledge a crime was being committed. Defendant asserts there was no direct evidence that she concealed any items and points to the surveillance video which only shows her holding clothing and returning the items to the rack. To further support her argument, defendant points to the testimony of her co-defendant, who admitted she stole all of the items and that defendant had no knowledge she was stealing or that stolen items were placed in the baby stroller.
The constitutional standard for testing the sufficiency of the evidence, as enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Juluke, 98-0341 *365 (La.1/8/99), 725 So.2d 1291; State v. Bridgewater, 01-507 (La.App. 5 Cir. 10/17/01), 800 So.2d 964.
Defendant was charged with theft of goods valued between $100.00 and $500.00, a violation of LSA-R.S. 14:67.10, which provides in pertinent part:
A. Theft of goods is the misappropriation or taking of anything of value which is held for sale by a merchant, either without the consent of the merchant to the misappropriation or taking, or by means of fraudulent conduct, practices or representations. An intent to deprive the merchant permanently of whatever may be the subject of the misappropriation or taking is essential and may be inferred when a person:
(1) Intentionally conceals, on his person or otherwise, goods held for sale.
. . . .
(3) Transfers goods from one container or package to another or places goods in any container, package, or wrapping in a manner to avoid detection.
In the present case, Ms. Billiot testified that defendant exited the store with the baby stroller and with merchandise for which she had not paid. According to Ms. Billiot, the merchandise, valued at $215.98, was found concealed in defendant's purse, co-defendant's purse and the diaper bag in the bottom of the stroller.
To the contrary, Ms. Barrow testified that the security officer searched defendant's purse but did not find anything. Ms. Barrow stated that she was the one who took the merchandise and concealed it in her purse and in the diaper bag. She claimed defendant did not put any merchandise in the diaper bag and did not know she had concealed items in the diaper bag. Ms. Barrow explained that she stuffed items into the stroller and her purse while in the fitting room. According to Ms. Barrow, she left her baby, who was in the baby stroller, with defendant during one of her trips to the fitting room. Defendant then left the store with the baby and stroller while Ms. Barrow was in the fitting room because she had to use the bathroom.
It is clear from the record that the jury made a credibility determination. The credibility of witnesses is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness. State v. Rowan, 97-21 (La.App. 5 Cir. 4/29/97), 694 So.2d 1052, 1056. Where there is conflicting testimony about factual matters, the resolution of which depends on a determination of credibility of the witnesses, it is a matter of the weight of the evidence and not the sufficiency of the evidence. State v. Brooks, 00-106 (La.App. 5 Cir. 9/26/00), 769 So.2d 1242, 1245. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual finding. It is not the function of the appellate court to second-guess the credibility of witnesses as determined by the trier of fact or to reweigh the evidence. State v. Stec, 99-633 (La.App. 5 Cir. 11/30/99), 749 So.2d 784, 787.
The jury in this case obviously found Ms. Billiot's testimony more credible than the testimony of the co-defendant. In State v. Brooks, supra, this court upheld the defendant's conviction for theft of merchandise despite her testimony that she did not conceal any merchandise and the testimony of two co-defendants who stated defendant did not participate in nor had knowledge of the theft. In Brooks, the security officer testified he observed the three women concealing merchandise in two purses, one of which was possessed by defendant at the time they were apprehended, *366 and a black shopping bag. This court found that the jury found the officer's testimony more credible than the testimony of defendant and the two co-defendants. This court further stated the requisite intent for theft could be inferred from the officer's testimony that the merchandise was concealed in a purse in defendant's possession.
Likewise, in the present case, the loss prevention agent testified that she found merchandise concealed in defendant's purse. This testimony is sufficient to prove the requisite intent for theft. The jury clearly found Ms. Billiot's testimony more credible than the testimony of the co-defendant. Viewing the evidence in a light most favorable to the prosecution, we hold that there was sufficient proof for a rational trier of fact to conclude beyond a reasonable doubt that defendant committed a theft of goods from JCPenney. Accordingly, this assigned error is without merit.

ERROR PATENT DISCUSSION
We have also reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals no errors.
For the reasons set forth herein, defendant's conviction and sentence are hereby affirmed.
AFFIRMED.