937 So.2d 396 (2006)
STATE of Louisiana
v.
Victor SCHNYDER.
No. 06-KA-29.
Court of Appeal of Louisiana, Fifth Circuit.
June 28, 2006.
*398 John M. Crum, Jr., District Attorney, Rodney A. Brignac, Assistant District Attorney, Edgard, Louisiana, for Plaintiff/Appellee, The State of Louisiana.
Katherine M. Franks, Slidell, Louisiana, for Defendant/Appellant, Victor Schnyder.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and SUSAN M. CHEHARDY.
SUSAN M. CHEHARDY, Judge.
In this criminal matter defendant, Victor Schnyder, appeals his conviction on a charge of simple burglary of an inhabited dwelling in violation of La. R.S. 14:62.2, as well as his adjudication as a multiple offender and enhanced sentence.
Defendant was charged with simple burglary of an inhabited dwelling by the St. John the Baptist District Attorney's Office. After a trial by jury, defendant was found guilty as charged. Subsequently, the State filed a bill of information charging defendant with being a second felony offender. The defendant was found to be a *399 second felony offender and was sentenced to serve ten years at hard labor without benefit of parole, probation or suspension of sentence. After a defense motion for re-consideration of sentence was denied by the trial court, defendant filed a motion for appeal, which was granted.[1]

FACTS
On July 8, 2004, the Laplace home of David and Tracy Simko was burglarized. The Simkos discovered that their glass patio door had been broken and the door to the outside yard was open. The garage door was "broken down and kicked in." Items missing included Mr. Simko's air gun set, a red and black Craftsman tool bag, several sockets and screwdrivers, and a socket wrench. The theft was reported to police.
Several of the items stolen from the Simko home were pawned at B.J.'s Pawn Shop later that day. Albert Davis, III, manager of B.J.'s Pawn Shop testified that a daily report is made of items pawned. That record shows that on July 8, 2004, defendant pawned some sockets, a ratchet, a pneumatic air tool set and a wrench. The sockets were in a black and red Craftsman tool bag. After comparing the report to the list of items reported stolen from the Simkos, Detective Sergeant Feldon Carney of the St. John Parish Sheriff's Office testified that he contacted Mr. Simko. Mr. Simko went to the shop and made a positive identification of the items pawned by defendant as the same items stolen from his home.
When interviewed police officers, defendant initially denied knowing anything about the tools including where they were located. However, after seeing the pawn shop records defendant confessed that he broke into the Simko's home. At trial defendant's testimony differed from the statement given police at the time of the investigation. At trial, defendant testified that he lives two houses away from the Simkos and he was in his front yard when a man he had never seen before offered to sell the tools to him. Defendant testified that he bought the tools from the man and then pawned them.

LAW
Defendant presents five assignments of error for our review. Two of those assignments relate to the sufficiency of evidence presented by the State to prove the charge against defendant.
When issues are raised on appeal as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. State v. Taylor, 04-346 (La.App. 5 Cir. 10/26/04), 887 So.2d 589, 592. When the entirety of the evidence, including evidence that was erroneously admitted, is insufficient to support the conviction, the accused must be discharged as to that crime, and any issues regarding other trial errors become moot. Id. Accordingly, we will consider the two assignments of error that relate to the sufficiency of evidence first.
In brief to this court, the defendant claims that it was reversible error to admit his statement to police into evidence at trial because the corpus delicti was never established. The defendant claims that his statement appears so unreliable that it should be considered insufficient to corroborate details of the offense, to establish identity, or to form the basis for the conviction. Therefore, the conviction is illegal as it was based upon an uncorroborated and unreliable statement. In addition, the *400 defendant argues that the State failed to establish the element of unauthorized entry beyond a reasonable doubt, a necessary element of both the corpus delicti and the offense.
The State counters defendant's assertions by arguing that there is direct and circumstantial evidence of an unauthorized entry. The State claims that the victims' report of the incident to the police, the victims' testimony regarding broken glass and a broken door used to gain entry, and the removal of the victims' property from the home all prove that there was an unauthorized entry and corroborate the defendant's statement.
The standard of review for determining the sufficiency of evidence is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude the State proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). When circumstantial evidence forms the basis of a conviction, La. R.S. 15:438 requires that the elements of the offense be proven so that every reasonable hypothesis of innocence is excluded. State v. Tran, 97-640 (La.App. 5 Cir. 3/11/98), 709 So.2d 311, 316. This is not a separate test from the reasonable doubt standard in Jackson v. Virginia, but rather provides a basis for a determination of the existence of reasonable doubt. All of the evidence, both direct and circumstantial, must be sufficient to satisfy a rational trier of fact that the defendant is guilty beyond a reasonable doubt. Id.
The credibility of witnesses presenting conflicting testimony on factual matters is within the sound discretion of the trier of fact. The trier of fact can accept or reject, in whole or in part, the testimony of any witness. State v. Baker, 01-1397 (La.App. 5 Cir. 4/30/02), 816 So.2d 363, 365. It is not the function of the appellate court to second-guess the credibility of witnesses as determined by the trier of fact or to reweigh the evidence absent impingement on the fundamental due process of law. Id. Under the Jackson standard, a review of a criminal conviction record for sufficiency of evidence does not require the court to ask whether it believes that the evidence at the trial established guilt beyond a reasonable doubt. State v. Barnes, 98-932 (La.App. 5 Cir. 2/10/99), 729 So.2d 44, 46, writ denied, 99-1018 (La.9/17/99), 747 So.2d 1099. Rather, the reviewing court is required to consider the whole record and determine whether any rational trier of fact would have found guilt beyond a reasonable doubt. Id.
"Simple burglary of an inhabited home is the unauthorized entry of any inhabited dwelling, house, apartment or other structure used in whole or in part as a home or place of abode by a person or persons with the intent to commit a felony or any theft therein." La. R.S. 14:62.2. In order to convict an accused of simple burglary of an inhabited dwelling, the State must prove; (1) there was an unauthorized entry, (2) the structure was inhabited at the time of entry, and (3) the defendant had the specific intent to commit a felony or theft inside the structure. State v. Barroso, 99-1297 (La.App. 5 Cir. 5/17/00), 762 So.2d 206, 213, writ denied, 00-1744 (La.6/29/01), 794 So.2d 821. In order to satisfy the unauthorized entry element, the State must prove that the defendant did not have permission to enter the premises. Tran, 709 So.2d at 316-317. Broken glass on the inside of a residence creates an inference that it was broken in order to facilitate entry, and provides circumstantial evidence indicative of unauthorized entry. Id.
*401 Under the Louisiana corpus delicti rule, an accused party cannot be legally convicted on his own uncorroborated confession without proof that a crime has been committed by someone, i.e. without proof of the corpus delicti. State v. Cruz, 455 So.2d 1351 (La.1984). An untrustworthy confession alone should not support a conviction. State v. Martin, 93-0285 (La.10/17/94), 645 So.2d 190, 195-196. The conviction cannot be based on the defendant's extrajudicial confession, unless corroborated by independent evidence of the corpus delicti. Taylor, 887 So.2d at 592-594. Corroboration is an effective test of the trustworthiness of a person's inculpatory statements. Martin, 645 So.2d at 195-196. The purpose of the corroboration rule is to test the reliability of a confession, in order to prevent an erroneous conviction based solely on an untrue confession. The Louisiana corpus delicti rule only requires corroboration of the reliability of an inculpatory statement. The rule does not require that independent evidence corroborate every element of the crime admitted in the accused's statement, where its general reliability has been corroborated. Therefore, the corroborating evidence need only tend to show the major or essential harm involved in the offense charged, and not all of the elements technically distinguished. In order to establish guilt, the State must show that the injury specified in the crime occurred, and that the injury was caused by someone's criminal activity. Id.
The corpus delicti must be proven by evidence that the jury may reasonably accept as establishing that fact beyond a reasonable doubt. It may be proven by circumstantial evidence. Taylor, 887 So.2d at 592-594. The issue is whether there is any evidence at all, independent of the confession, which establishes the fact that a crime was committed, not whether there is sufficient evidence to convict the defendant. Id.
The defendant argues that the State failed to establish the element of unauthorized entry beyond a reasonable doubt, a necessary element of both the corpus delicti and the offense. He claims that neither David nor Tracy Simko testified that the entrance to their house was unauthorized. He suggests that a broken window and a house in a disturbed condition is not sufficient evidence to prove an unauthorized entry with the intent to commit a theft, and that there was no physical evidence showing that he was seen in or near the Simko home. Defendant also states that his behavior when approached by Detective Carney was not indicative of guilt since he did not run away. He asserts that at most he is guilty of receiving stolen goods, an offense with which he was not charged.
In addition, the defendant argues that his statement appears so unreliable that it should be considered insufficient to establish that he entered the Simko home and took the tools. He claims that Detective Carney asked questions that provided all of the information in his statement. We are not persuaded by defendant's arguments.
The State proved the element of unauthorized entry through the testimony of the Simkos. The Simkos testified that they realized that their home was broken into when they found the glass in their patio door was broken. When Tracy Simko found that the door to their yard was broken open, she called the police. David Simko testified that his garage door was broken by someone who "kicked" it in. In addition, the jury could have found that a report to police that someone had broken into the home showed that the Simkos had not authorized the entry.
*402 Finally, the defendant claims that his statement was unreliable, and therefore insufficient to corroborate details of the offense, to establish identity, or to form the basis for the conviction. Again, we disagree.
The general reliability of the defendant's statement was established by corroborating evidence. The defendant, in his statement, said that he kicked in the door to gain entry to the Simko house. David Simko testified that he realized that his house was broken into by someone, who kicked in the garage door. The defendant admitted that he broke into the Simko house on the morning of July 8, and took some tools. He removed the plastic liner from the air tool set before taking it. David Simko testified that on the day of the burglary he realized that he new air gun set was missing when he saw the plastic liner on the floor. Later, he realized that other tools were missing. The defendant admitted that he pawned the tools at B.J.'s Pawn Shop on the same day. Mr. Davis testified that the defendant pawned some tools at 1:53 p.m. on July 8. Detective Carney examined the air gun set at the pawnshop. He thought it looked new. David Simko described his stolen air gun set as new when Detective Carney contacted him. David Simko later identified his stolen tools at the pawnshop.
Given the evidence presented at trial, we find that the State corroborated the general reliability of the defendant's inculpatory statement by proving the corpus delicti with independent evidence. The State proved that an unauthorized entry of the inhabited dwelling occurred, caused by someone's criminal activity.
Finding no merit in the two assignments of error relating to the sufficiency of evidence, we now consider the remaining assignments.
The defendant argues that there is no affirmative proof in the record that he was advised of his rights to a hearing and not to incriminate himself, or that he voluntarily stipulated that he was a second felony offender. He claims that failure to advise him and show he voluntarily stipulated to multiple offender status constitutes reversible error requiring that the stipulation and the sentence imposed in the habitual offender proceeding be set aside.
The State argues that it is implicit that the defendant was informed of his constitutional rights in his discussion of the multiple bill with his attorney. The State contends that the defendant's stipulation infers that he had a right to a hearing and the attendant constitutional rights.
The defense attorney stipulated that the defendant was a second felony offender at arraignment on his multiple bill. However, the record does not reflect that the trial court advised the defendant of his right to a formal hearing, to have the State prove its case under the multiple offender statute, or of his right to remain silent. Nor does the record reflect that prior to entering into a stipulation to second offender status the defendant affirmatively waived his right to remain silent with regard to the multiple offender bill of information, or to a formal hearing in which the State would have to prove its case by competent evidence under the multiple offender statute.
The Louisiana Supreme Court found that the constitutional right to remain silent is applicable in multiple offender status proceedings conducted pursuant to La. R.S. 15:529.1(D), State v. Johnson, 432 So.2d 815 (La.1983). As explained by the Johnson court;
...........the defendant, if he chooses, has the right to remain silent. Once the defendant chooses to remain silent the *403 state must then by competent evidence prove the elements of R.S. 15:529.1 before the defendant can be sentenced as an habitual offender. Before the defendant chooses to acknowledge or confess in open court that he has been previously convicted of a felony, the statute requires that he first be cautioned by the trial court as to his rights. R.S. 15:529.1(D) specifically provides that defendant be advised by the court of his right to a "formal hearing" and to have the state prove its case. State v. Martin, 427 So.2d 1182 (La.1983). Further, this section implicitly provides that the defendant should be advised, by the court, of his statutory right to remain silent.

Johnson 432 So.2d at 817
Therefore, a trial court must advise a defendant of his rights to remain silent, to a formal hearing, and to have the State prove its case under the multiple offender statute. State v. Jones, 00-1259 (La.App. 5 Cir. 12/13/00), 777 So.2d 563, 568-569. Generally, a trial court's failure to advise the defendant of his right to a hearing and his right to remain silent is considered harmless error when the defendant's multiple offender status is established by competent evidence offered by the State at a hearing rather than by admission of the defendant. State v. Knight, 01-881 (La.App. 5 Cir. 2/13/02), 811 So.2d 947, 949. However, there is reversible error when the defendant stipulates to the multiple bill without having been informed of his right to a hearing or his right to remain silent, by either the court or his attorney. Id.
While the defendant may have stipulated to the multiple offender bill of information, the record does not indicate that the trial court advised the defendant of his rights pursuant to La. R.S. 15:529.1(D). At the multiple bill hearing, the trial judge did not address the defendant, at any time during the proceeding. Defense counsel informed the trial court that he had discussed the matter with the defendant, and he was prepared to stipulate. The trial judge accepted the defendant's stipulation to the multiple bill. At the sentencing hearing, the trial judge informed the defendant that the sentencing range for a conviction under La. R.S. 14:62.2 was for not less than one year nor more than twelve years. After the State reminded the trial judge of the defendant's stipulation to the multiple bill, the trial judge again stated the sentencing range for a conviction under La. R.S. 14:62.2, and then informed the defendant that because it was a multiple bill the sentencing range was increased to not less than six years nor more than twenty-four years. Since, the defendant stipulated to the multiple bill, the State did not establish proof of the prior conviction by competent evidence, and defendant was not informed of his rights pursuant to La. R.S. 15:529.1(D), we find reversible error.
Accordingly, the defendant's adjudication as a multiple offender and his enhanced sentence are hereby vacated. However, a defendant can be re-tried on a multiple offender bill, since double jeopardy does not attach to multiple offender hearings. Jones, 777 So.2d at 568-569.
The final two assignments regard questions of ineffective assistance of counsel for failure to timely move for reconsideration of sentence and whether the enhanced sentence is excessive. Because we find reversible error in the adjudication of defendant as a multiple offender, these assignments are moot.
For the foregoing reasons, the conviction on the charge of simple burglary of an inhabited dwelling in violation of La. R.S. 14:62.2 is affirmed. The adjudication of *404 defendant as a multiple offender is reversed. The multiple offender status and the enhanced sentence are hereby vacated, and the matter is remanded to the trial court for further proceedings in accordance with this opinion.
AFFIRMED IN PART; REVERSED IN PART; MULTIPLE OFFENDER STATUS AND SENTENCE VACATED; MATTER REMANDED.
NOTES
[1] We note that the appeal appears to be untimely on its face. However, in view of Executive Order KBB 2005-32, 48 and 67, issued by Governor Kathleen Blanco suspending prescriptive periods, this court will consider the appeal as timely.