824 So.2d 344 (2002)
STATE of Louisiana
v.
Albert ALLEN, Jr.
No. 2001-K-2494.
Supreme Court of Louisiana.
June 21, 2002.
PER CURIAM.
Writ Granted. Affirmed in part, reversed in part. Although the defendant's indictment is arguably insufficient, he did not raise the issue below, or in this Court. Further, a defendant may not raise the sufficiency of an indictment for the first time after conviction, La.C.Cr.P. art. 841, especially when the charging document fairly informed him of the charge against him and the alleged defect did not prejudice him. La.C.Cr.P. art. 487(A); State v. Robicheaux, 412 So.2d 1313, 1321 (La.1982); State v. James, 305 So.2d 514, 516-17 (La.1974); State v. McLean, 525 So.2d 1251, 1252 n. 2 (La.App. 1st Cir. 1988). A defendant must raise a claim that the indictment does not provide adequate notice of the charge before trial by filing a bill of particulars. Failure to do so waives the claim. State v. Gainey, 376 So.2d 1240, 1243 (La.1979). Moreover, the defendant cannot show prejudice from the alleged defect in the present case because his alibi defense applied equally well to violations of R.S. 14:94(A) and (F). His heightened sentencing exposure as a matter of R.S. 14:94(F) stems not from any failure of the indictment to provide adequate notice of the crime charged but from the exercise of the state's plenary charging discretion in prosecuting the more serious crime defined by the statute because it occurred during the commission of a crime of violence.
Regarding the court of appeal's finding of double jeopardy, the defendant's convictions arise out of a single proceeding, *345 and the Double Jeopardy Clause does not prohibit conviction and sentence in a single trial for two crimes which would be the same under Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), if the legislature has otherwise manifested its intent to impose cumulative penalties. Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). R.S. 14:94(F) prohibits, inter alia, illegal use of a weapon by discharging a firearm during the commission of a crime of violence. 1992 La. Acts 1015 § 1. In the same act, the legislature also added paragraph 13 to R.S. 14:2, defining armed robbery as a crime of violence. Because the plain language of R.S. 14:94(F) proscribes behavior above and beyond that of an armed robbery as defined by R.S. 14:64, and because the 20-year maximum sentence for violation of R.S. 14:94(F) is much less severe than the maximum 99-years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence articulated, the legislature appears to have intended discrete and cumulative punishment for both the attempted armed robbery (the crime of violence) and the actual discharge of a weapon during commission of that offense. Cf. State v. Smith, 475 So.2d 331, 334 (La.1985) ("Where [the legislature] has failed to make its intention manifest, courts should proceed cautiously, remaining sensitive to the interests of defendant and society alike. All relevant criteria must be considered, and the most useful aid will often be common sense."). Accordingly, the court of appeal erred in its determination that defendant's convictions violate double jeopardy principles. Cf. State v. Smith, 95-0061, p. 1 (La.9/11/96), 679 So.2d 380 (Calogero, C.J. concurring in denial of reh'g) ("In the single trial context, the Double Jeopardy Clause serves only to constrain the sentencing court to punishing according to legislative intent.")(citing Hunter, 459 U.S. at 366, 103 S.Ct. at 678).
Accordingly, the decision below is reversed to the extent that it vacates the defendant's conviction and sentence for discharging a firearm in violation of La. R.S. 14:94(F). In all other respects, the court of appeal's decision is affirmed.