MARION F. EDWARDS, Chief Judge.
[ gDefendant/appellant, Gregory Nicholas (“Nicholas”), appeals his convictions and sentences on two counts of criminal activity-
The State filed a bill of information charging Nicholas with obstruction of justice in violation of La. R.S. 14:130.1 (Count I) and second degree battery (Count II). Nicholas entered a plea of not guilty to both charges and waived his right to a jury trial. On April 30, 2008, a bench trial commenced. At the end of trial, the trial judge found Nicholas guilty as charged as to Count I, and guilty of the lesser, included charge of simple battery on Count II.
Nicholas filed a motion for post-verdict judgment of acquittal that was denied on the same day as sentencing.[1] The *613 trial court sentenced Nicholas to five years with the Department of Corrections on Count I and six months in parish jail |son Count II, to run concurrently, giving credit for time served. Additionally, on that day, Nicholas gave oral notice of his intention to file a motion for appeal. This timely appeal follows.

FACTS

The pertinent facts were deduced from testimony of the State’s witnesses at trial. The testimony indicates that Charles Parent testified against Nicholas at a trial in St. James Parish on a misdemeanor charge relating to a visit Nicholas made to Mr. Parent’s girlfriend. Just after Mr. Parent left the courthouse, there was an altercation between him and Nicholas in which Mr. Parent was beaten by Nicholas.
Mr. Parent testified that he was at the St. James Parish Courthouse testifying in a criminal case against Nicholas. After his testimony, the trial judge continued the trial. As Mr. Parent left the courtroom he passed Nicholas, but he did not make eye contact with him. Shortly after Mr. Parent left the courtroom, he felt a tap on his shoulder. He turned to find Nicholas’ fist coming at his face. Nicholas struck Mr. Patent twice, once in the right eye and once in the nose. Mr. Parent was rendered unconscious and fell to the concrete.
Joseph Matassa, of the St. James Sheriffs Office, provided courtroom security on the day of the incident. He testified that Charles Parent testified in a trial that day. The defendant in that trial was Nicholas. Mr. Matassa noticed tension between the two men and also recalled that the tidal judge addressed Nicholas as being “out of order once or twice.” Because of the tension, Mr. Matassa followed Nicholas out of the courtroom. Mr. Matassa witnessed Nicholas punch Mr. Parent twice, knocking him to the ground. Nicholas got on top of Mr. Parent and continued to strike him until Mr. Matassa intervened. Several other police officers, alerted to the incident, ran over to help stop Nicholas from attacking Mr. Parent.

LAW AND ANALYSIS

On appeal, Nicholas assigns four errors. In the first, he asserts the evidence presented at trial was insufficient to convict him on the obstruction of justice charge. In the other three errors, Nicholas challenges his sentence as excessive and not in conformity with La.C.Cr.P. art. 894.1. Nicholas also asserts his motion to reconsider sentence should have been granted. SUFFICIENCY OF EVIDENCE
In his argument on the issue of sufficiency of evidence, Nicholas makes the point that the bill of information charged him with obstruction of justice “by tampering with evidence with the specific intent of distorting the results of any criminal investigation” in violation of La. R.S. 14:130.1. Nicholas asserts that there was no evidence that he tampered with evidence or that he was guilty under that statute as set forth in the bill of information.
In the State’s opening arguments, it was alleged that Nicholas was guilty of obstruction of justice because he retaliated against a witness who testified against him in a criminal proceeding. At the end of trial, the trial judge found Nicholas guilty of that crime in violation of La. R.S. 14:130.1(A)(3).
While we agree that there is no evidence that Nicholas tampered with evidence in a *614 criminal investigation as charged in the bill of information, that does not end our inquiry. The issue here is whether the bill of information adequately informed Nicholas of the charge against him, not whether the evidence presented was sufficient to prove the crime for which he was convicted.
Article 464 of the Code of Criminal Procedure provides that the indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. However, a defendant may not raise the sufficiency of an indictment for the first time after conviction, especially Uwhen the charging document fairly informed him of the charge against him and the alleged defect did not prejudice him.[2] Further, a defendant must raise a claim that the indictment does not provide adequate notice of the charge prior to trial by filing a bill of particulars, and the failure to do so waives the claim.[3] The time for testing the sufficiency of an indictment or bill of information is before trial by way of motion to quash or an application for a bill of particulars. A post-verdict attack on sufficiency of an indictment should be rejected unless the indictment failed to give fair notice of the offense charged or failed to set forth any identifiable offense.[4]
We find no merit in Nicholas’ argument on insufficiency of the evidence as it relates to the actual charge made in the bill of information. Nicholas was fully informed of the facts the State intended to show on the charge of obstruction of justice. Further, there was no objection to the sufficiency of the bill of information at trial.
Nicholas also asserts there is insufficient evidence to convict him of obstruction of justice for retaliation against a witness in a criminal trial. Nicholas specifically argues that, while the evidence shows Nicholas punched Mr. Parent outside of the courthouse, it failed to exclude the reasonable hypothesis of innocence tendered by the defense that the fight was simply part of a continuing feud between the two men.
Nicholas was convicted of obstruction of justice in violation of La. R.S. 14:130.1(A)(3), which provides;
A. The crime of obstruction of justice is any of the following when committed with the knowledge that such act has, reasonably may, or will affect an actual or potential | present, past, or future criminal proceeding as hereinafter described:
[[Image here]]
(3) Retaliating against any witness, victim, juror, judge, party, attorney, or informant by knowingly engaging in any conduct which results in bodily injury to or damage to the property of any such person or the communication of threats to do so with the specific intent to retaliate against any person for:
(a) The attendance as a witness, juror, judge, attorney, or a party to any criminal proceeding or for producing evidence or testimony for use or potential use in any criminal proceeding, or
(b) The giving of information, evidence, or any aid relating to the commission or possible commission of a parole or probation violation or any crime under the laws of any state or of the United States.
*615 The knowledge requirement of the above-cited statute is met if the perpetrator merely knows that an act “reasonably may” affect a criminal proceeding.[5] The statute does not require the criminal proceeding actually be affected; the perpetrator just must know and understand that the act reasonably may affect the proceeding.[6]
The second requirement relevant to this case is that defendant retaliated against the victim by “knowingly engaging in conduct which resulted in the bodily injury [of the victim] with the specific intent to retaliate against [the victim] for his attendance as a witness.”[7]
The constitutional standard for testing the sufficiency of the evidence is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[8] Both the direct and circumstantial evidence must be [ 7sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt.[9]
Circumstantial evidence is evidence of facts or circumstances from which one might infer or conclude, according to reason and common experience, the existence of other connected facts.[10] The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.[11]
However, this requirement does not establish a standard that is separate from the Jackson standard, but instead provides a helpful methodology for determining the existence of reasonable doubt.[12] To support the conclusion that the defendant is guilty beyond a reasonable doubt, all evidence, both direct and circumstantial, must be sufficient.[13]
On appeal, the reviewing court does not determine if another possible hypothesis suggested by the defendant could afford an exculpatory explanation of the events. Instead, the appellate court must evaluate the evidence in a light most favorable to the State and determine whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt under the Jackson standard.[14]
The State presented its case through the testimonies of the Mr. Parent, Deputy Guerin, Mr. Joseph Matassa, and Nicole Scott, an eye witness to the event. The witnesses’ testimonies regarding the altercation were substantially similar. The State presented evidence to show that Mr. Parent was in the St. James |scourthouse on January 16, 2007, testifying for the State in a misdemeanor trial against Nicholas regarding an incident that occurred in *616 October 2006, at the home of Mr. Parent’s girlfriend. Mr. Parent testified that he was threatened by Nicholas over the phone between October 2006 and the day he testified on, January 16, 2007.
The defense did not present any testimony at trial. However, Nicholas argued, in closing argument and in brief, the alternative hypothesis that the defendant punched the victim due to their on-going dispute, not in retaliation for his testimony.
We find the State presented sufficient evidence for the trial court to conclude that Nicholas was guilty beyond a reasonable doubt of obstruction of justice, in violation of La. R.S. 14:130.1(A)(S). Further, the State presented evidence sufficient to prove that Nicholas accomplished this offense while also committing simple battery upon Mr. Parent.
We find no merit in this assignment of error.

SENTENCE

As previously stated, three of Nicholas’ assignments of error relate to his five-year sentence on the obstruction of justice conviction. Initially, we note that there is no merit to Nicholas’ claim that the trial judge erred in denying his motion to reconsider sentence. We find no evidence of such a motion filed in the record.
Immediately after sentencing, the following exchange took place between defense counsel and the trial court then the proceedings ended:
Ms. Boxberger:
Your honor, we hadn’t resolved that motion to reconsider, not to reconsider it in the sentence. Your honor, we’d like to let the court know that we are going to file a motion for appeal. We’d like the transcript designated for the record and we’d like to move the court to appoint the Appellant Project for the appeal.
|aThe Court:
So ordered. The motion for post-judgment verdict of acquittal is denied.
Ms. Boxberger:
Thank you, your honor.
It appears that Nicholas is referring to this exchange in support of an oral motion to reconsider sentence. However, we find that Nicholas did not clearly articulate a motion to reconsider sentence. This assignment is without merit.
The failure to file a motion to reconsider sentence, or to state the specific grounds upon which the motion is based, precludes the State or defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.[15] Such-a failure limits a defendant to a bare review of the sentence for constitutional excessiveness.[16]
Upon an errors patent review, we find several errors that mandate that the sentence on Count I, obstruction of justice, must be vacated. Accordingly, consideration of constitutional excessiveness of Nicholas’ sentence will not be addressed in this opinion.
The record shows that Nicholas filed a motion for post-verdict judgment of acquittal. The hearing on that motion was set for the same day as the sentencing hearing. At the hearing, the trial court sentenced Nicolas to five years with the Department of Corrections on Count I. At the end of the hearing, after sentencing, the trial court denied the post-verdict judgment of acquittal. Disposal of the *617 motion for post-verdict judgment of acquittal must be made before sentencing.[17] In cases where the trial court imposes sentence without disposing of the motion for post-verdict judgment of acquittal, this Court has previously held that sentencing, 1 mprior to a ruling on such a motion, must be set aside and the case remanded for a ruling on the motion prior to re-sentencing.[18] We are aware that, in this case, the motion was denied at the same hearing, and was not left undecided, making it distinguishable from the cases cited for support in setting aside the sentence and remanding the matter.
However, other errors make this sentence invalid. The law requires a twenty-four-hour delay in sentencing after denial of a motion for new trial or in arrest of judgment, unless the defendant waives the delay.[19] The article does not explicitly require a twenty-four-hour delay in sentencing after a motion for a post-verdict judgment of acquittal has been denied. However, this Court has applied the twenty-four-hour delay in La.C.Cr.P. art. 873 to motions for post-verdict judgment of acquittal.[20] Since the denial of the motion for post-verdict judgment of acquittal was denied after the sentence was imposed, it is obvious the delay was not afforded to Nicholas. Further, there is no evidence in the record that Nicholas waived that delay.
When a defendant challenges the penalty imposed and the imposed sentence is not mandatory, the failure to observe the twenty-four-hour delay mandated in La.C.Cr.P. art. 873 cannot be considered harmless error.[21] As a general rule, when a defendant challenges a non-mandatory sentence and the delay is not waived, the defendant’s sentence must be vacated and the matter remanded for re-sentencing.[22]
|„We find that to be the case here. Nicholas was convicted of obstruction of justice under La. R.S. 14:130.1(A)(3). The penalty for that offense is a fine of not more than ten thousand dollars, imprisonment for not more than five years, with or without hard labor, or both.[23] Therefore, the sentence is not mandatory and the sentence imposed must be vacated.
For reasons set forth in this opinion, we affirm the convictions of Nicholas for Count I, obstruction of justice, and Count II, simple battery. We further affirm the sentence imposed on the simple battery conviction. We vacate the sentence on the obstruction of justice conviction and remand the matter for re-sentencing in accordance with this opinion.

CONVICTIONS AFFIRMED; SENTENCE ON COUNT II AFFIRMED; 
*618
SENTENCE ON COUNT I VACATED; MATTER REMANDED

. The minute entry on December 22, 2008 reflects that the trial court denied Nicholas' motion for post-verdict judgment of acquittal before sentencing. However, the transcript *613 reveals that the trial court denied the motion after it sentenced Nicholas. Whenever there is a conflict between the transcript and the minutes, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983).

. La.C.Cr.P. art. 841; State v. Allen, 01-2494 (La.6/21/02), 824 So.2d 344.

. State v. Allen, supra.

. State v. Williams, 02-1188 (La.App. 5 Cir. 4/8/03), 846 So.2d 22, 32.

. State v. Tatum, 09-1004 (La.App. 5 Cir. 5/25/10), 40 So.3d 1082, 1090.

. Id.

. La. R.S. 14:130.1(A)(3).

. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

. State v. Harrell, 01-841 (La.App. 5 Cir. 2/26/02), 811 So.2d 1015, 1019.

. State v. Kempton, 01-572 (La.App. 5 Cir. 12/12/01), 806 So.2d 718, 722.

. La. R.S. 15:438.

. State v. Lathers, 03-941 (La.App. 5 Cir. 2/23/04), 868 So.2d 881, 884.

. Id.

. State v. Durand, 07-4 (La.App. 5 Cir. 6/26/07), 963 So.2d 1028, 1034, writ denied, 07-1545 (La.1/25/08), 973 So.2d 753.

. La.C.Cr.P. art. 881.1(E).

. State v. Carter, 07-270 (La.App. 5 Cir. 12/27/07), 976 So.2d 196, 203.

. La.C.Cr.P. art. 821.

. State v. Davis, 01-1275 (La.App. 5 Cir. 4/10/02), 817 So.2d 171, 173.

. La.C.Cr.P. art. 873.

. State v. Davis, 09-1109 (La.App. 5 Cir. 9/14/10), 45 So.3d 203, 214. We note a split in the circuits on this issue. The First Circuit is in accord with this Court in finding that a motion for post-verdict judgment of acquittal is included in La.C.Cr.P. art. 873. See, State v. Dixon, 620 So.2d 904 (La. 1 Cir.1993). However the Second and Fourth Circuits disagree and find that La.C.Cr.P. art. 873 does not apply to a motion for post-verdict judgment of acquittal. See, State v. Harris, 42,376 (La.App. 2 Cir. 9/26/07), 966 So.2d 773, writ denied, 07-2109 (La.3/28/08), 978 So.2d 304; State v. Robinson, 10-0885 (La.App. 4 Cir. 12/21/10), 54 So.3d 1208.

. State v. Young, 04-1318 (La.App. 5 Cir. 4/26/05), 902 So.2d 461, 470.

. Id.

. La. R.S. 14:130.1 (B)(3).