FREDERICKA HOMBERG WICKER, Judge.
| ^¿Defendant, Kevin Strickland, appeals his conviction for second degree battery. On June 3, 2010, defendant was charged by bill of information with second degree battery, a violation of La. R.S. 14:34.1, and resisting a police officer with force or violence, in violation of La. R.S. 14:108.2. Defendant pleaded not guilty to these charges at arraignment. On February 15, 2011, the matter proceeded to trial and a six-person jury returned a unanimous verdict of guilty of the lesser offense of resist *413 ing an officer[1] and guilty as charged of second degree battery. Defendant filed a Motion for Post-Verdict Judgment of Acquittal and a Motion for New Trial, which were denied by the trial court. On February 18, 2011, the trial court sentenced defendant to six months in Jefferson Parish Correctional Center for count one of resisting an officer and five years | (¡imprisonment with the Department of Corrections for count two of second degree battery, to run concurrently.[2] This timely appeal follows.

FACTS

On May 10, 2010, Deputy Cynthia Phelps of the Jefferson Parish Sheriffs Office responded to a call involving a physical altercation. Deputy Phelps testified that, upon arrival to the scene, she observed a “very emotionally upset” female, later identified as Hattie Cassie, who informed her that her husband, defendant-herein, had attacked her boyfriend, Thelesmar Jones[3]. Deputy Phelps testified that she observed Jones bleeding, disoriented, and walking in circles; the middle finger of his right hand appeared to be “amputated.” Deputy Phelps described Jones as “pretty messed up.” Jones was brought to the hospital with bite marks all over his body. Photographs of Jones’ injuries were taken and introduced into evidence at trial.
Jones testified that he and Cassie Hattie met in 2000 and have lived together for at least nine of the last ten years. During a period of time when he and Hattie were not together, she met and married defendant, who Jones readily admitted he did not like. Jones explained that, on the night of May 10, 2010, he drove up to the residence he shared with Hattie and observed defendant speaking with Hattie outside. He testified that defendant’s vehicle was parked in the driveway. Jones stated that he parked his vehicle and exited. Jones testified that he did not block 1 ¿defendant’s vehicle in the driveway and further notes that his vehicle was not damaged when defendant drove away after the incident.
Jones testified that, after he exited the vehicle, defendant grabbed his shoulders and tried to get him on the ground. Jones explained that at the time of the incident he had a ruptured disc in his back with a pinched nerve, causing him to walk with a limp. Jones testified that, at some point during the altercation, something “popped” in his back and his legs became *414 like “Jell-o.” He testified that defendant thereafter charged at him grabbing his neck, scratching, hitting and biting him. He farther testified that defendant bit his middle finger and would not let go. When questioned concerning who initiated the altercation, Jones testified that defendant initiated the attack.
At trial, Jones demonstrated to the jury where the defendant bit him, including his pinky and partially “amputated” middle finger. When asked to rate his finger pain at the time of the incident on a scale from 1 to 10, Jones ranked his pain as a “100.” He testified to the effect of his injuries on his everyday life such as his inability to shift the gears on his truck with his fingertips and inability to pick up change from a countertop with his fingertips as is customary. He explained that the incident was traumatic to him and that he has never experienced an injury this severe or painful.
Deputy Gabriel Faucetta of the Jefferson Parish Sheriffs Office executed the arrest of the defendant on May 14, 2010. Deputy Faucetta testified that he went to defendant’s residence and knocked on the door. After defendant answered the door, Deputy Faucetta identified himself, told defendant that he had a warrant for his arrest, and advised defendant of his Miranda rights. Deputy Faucetta testified that defendant became irate and shoved him in the chest, further |sintentionally kicking him in the shin as they struggled.[4] With the assistance of another officer, Deputy Faucetta handcuffed defendant and placed him under arrest. Deputy Faucetta testified that, at the time of the arrest, he did not observe any physical signs that defendant had recently been involved in an altercation where he would have sustained any type of serious injury.
Defendant testified at trial that he is a forty-nine (49) year-old man who married Hattie on January 22, 2009. He testified that they were still married and living together at the time of trial. Defendant indicated that Hattie has multiple illnesses, requiring various medications that affect her mood and that Jones interfered with his marriage to Hattie.
Defendant described that, on May 1, 2010, he drove to Hattie’s residence to discuss their relationship and the possibility of getting back together, when Jones drove up to the residence, blocking defendant’s vehicle in the driveway. Defendant explained that Jones exited the vehicle abruptly, charged at defendant and began grabbing and choking him. Defendant testified that, at some point during the altercation, he attempted to get into his vehicle to leave but that Jones followed him into the vehicle, crawled on top of him, and began punching and choking him. Defendant explained that Jones put his hands over defendant’s mouth; defendant then opened his mouth and started biting Jones’ finger and refusing to let go of Jones’ finger while he was being strangled. Defendant testified that, as he was gagging, he was asking God to help him. Defendant then left the scene of the altercation by driving through the grass to avoid hitting Jones’ vehicle.
Defendant admitted to biting a portion of Jones’ finger off. Defendant explained that he did not intend to hurt Jones, but was only trying to get Jones off 16of him. Defendant testified that he suffered injuries from the incident and presented a photograph of a bruised thumbnail taken two months after the incident. Defendant *415 testified that Jones initiated the attack and that he acted in self-defense.

DISCUSSION

Defendant briefs two assignments of error. Defendant claims in his second assignment of error that the evidence at trial was insufficient to support his conviction for Second Degree Battery. Defendant asserts that the state failed to disprove his self-defense claim and failed to prove that he had specific intent to commit the crime.
We will first consider defendant’s second claim, that the evidence at trial was not sufficient to support his conviction for second degree battery.[5] The standard of review for the sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. King, 06-554, p. 7 (La.App. 5 Cir. 1/16/07), 951 So.2d 384, 390, writ denied, 2007-0371 (La.5/4/07), 956 So.2d 600.
Evidence may be either direct or circumstantial. Circumstantial evidence consists of proof of collateral facts and circumstances from which the existence of the main fact can be inferred according to reason and common experience. State v. Durand, 07-4, p. 9 (La.App. 5 Cir. 6/26/07), 963 So.2d 1028, 1034. When circumstantial evidence is used to prove the commission of the offense, LSA-R.S. 15:438 mandates that “assuming every fact to be proved that the evidence tends to |7prove, in order to convict, it must exclude every reasonable hypothesis of innocence.” Id. On appeal, the reviewing court does not determine if another possible hypothesis suggested by the defendant could afford an exculpatory explanation of the events. Rather, the appellate court must evaluate the evidence in a light most favorable to the State and determine whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt. Id.
Defendant is convicted of second degree battery in violation of La. R.S. 14:34.1, which provides in pertinent part:
A. Second degree battery is a battery when the offender intentionally inflicts serious bodily injury; however, this provision shall not apply to a medical provider who has obtained the consent of a patient.
B. For purposes of this Section, “serious bodily injury” means bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death.
C. Whoever commits the crime of second degree battery shall be fined not more than two thousand dollars or imprisoned, with or without hard labor, for not more than five years, or both.
This Court has found that, to convict a defendant of second degree battery, the state must prove the following elements beyond a reasonable doubt: (1) the intentional use of force or violence upon the person of another; (2) without the consent of the victim; and (3) when the offender intentionally inflicts serious bodily injury. State v. Fuller, 414 So.2d 306, 309-10 (La. *416 1982); State v. Hall, 03-1384, p. 6 (La.App. 5 Cir. 3/30/04), 871 So.2d 558, 561. In the case before us, it appears the defendant only challenges the element of intent.
La. R.S. 14:10 defines “specific intent” as:
(1) Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.
[ ^Specific intent need not be proven as a fact, but may be inferred from the circumstances of the offense and conduct of the defendant. State v. Patterson, 10-415, p. 10 (La.App. 5 Cir. 1/11/11), 63 So.3d 140, 147, writ denied, 11-0338 (La.6/17/11), 63 So.3d 1037. Further, the intent to inflict great bodily harm may be inferred from the extent and severity of the victim’s injuries. Durand, 07-04 at p. 9, 963 So.2d at 1034. Whether a defendant possessed the requisite intent in a criminal case is a question for the trier-of-fact and a review of the correctness of this determination is guided by the Jackson standard. Patterson, 10-415 at p. 11, 63 So.3d at 148.
The photographs introduced at trial of Jones’ injuries are “gruesome” as described by the trial judge. Deputy Phelps testified that Jones was bleeding, disoriented, and suffering from injuries requiring immediate medical attention following the incident. Jones also testified to the pain he experienced as a result of his injuries and the complications he faces on a daily basis from the loss of his fingertip. Considering the evidence and testimony presented concerning the severity of Jones’ injuries, including the amputation of his fingertip, we find that the jury could have reasonably inferred that defendant had the specific intent to inflict serious bodily injury upon Jones.
It is noted that defendant does not deny his actions of biting and scratching Jones; however, he argues that the state failed to prove beyond a reasonable doubt that he did not act in self-defense. The state responds that the evidence at trial demonstrates that defendant was the aggressor in the incident and is, therefore, not permitted to claim self-defense.
Defendant argues that his conduct is justifiable because he acted in self-defense. The fact that an offender’s conduct is justifiable, although otherwise |flcriminal, constitutes a defense to prosecution for any crime based on that conduct. La. R.S. 14:18; Patterson, 10-415 at p. 12, 63 So.3d at 148. The use of force or violence is justifiable when committed for the purpose of preventing a forcible offense against the person or a forcible offense or trespass against property in a person’s lawful possession, provided that the force or violence used must be reasonable and apparently necessary to prevent such offense. La. R.S. 14:19(A); State v. Steele, 01-1414, p. 8 (La.App. 5 Cir. 9/30/02), 829 So.2d 541, 547, writ denied, 02-2992 (La.9/19/03), 853 So.2d 632. However, La. R.S. 14:21 instructs that a person who is the aggressor cannot claim the right of self-defense unless he withdraws from the conflict in good faith and in such a manner that his adversary knows or should know that he desires to withdraw and discontinue the conflict. La. R.S. 14:21; Steele, 01-414 at p. 8, 829 So.2d at 547.
This Court has found that “the defendant, in a non-homicide case, has the burden to establish, by a preponderance of the evidence, that he acted in self-defense.” Id. The defense of self-defense in a non-homicide situation requires a dual inquiry: an objective inquiry into whether the force used was reasonable under the circumstances, and a subjective inquiry into whether the force was apparently nec *417 essary. State v. Freeman, 427 So.2d 1161, 1163 (La.1983); State v. Nailor, 10-1062, p. 8, 78 So.3d 816 (La.App. 5 Cir. 11/15/11), 78 So.3d 816. The credibility of witnesses presenting conflicting testimony on factual matters is within the sound discretion of the trier-of-fact, who may accept or reject, in whole or in part, the testimony of any witness. State v. Baker, 01-1397, p. 4 (La.App. 5 Cir. 4/30/02), 816 So.2d 363, 365. It is not the function of the appellate court to second-guess the credibility of witnesses as determined by the trier-of-fact or to reweigh the evidence absent impingement on the fundamental due process of law. Id.
| min the case before us, the evidence presented at trial demonstrates that defendant suffered little to no injury as a result of the incident at issue. Defendant introduced one photograph of a bruised fingernail taken some time after the incident. The state introduced surprisingly gruesome photographs demonstrating that Jones, on the other hand, required immediate medical attention and suffered from bruises, scratches, and bite marks all over his body; he further suffered from the loss of his fingertip. In light of the evidence presented, we find that the jury could have reasonably found that defendant did not act in self-defense. Further, as noted above, La. R.S. 14:21 states that “a person who is the aggressor or who brings on a difficulty cannot claim the right of self-defense unless he withdraws from the conflict in good faith and in such a manner that his adversary knows or should know that he desires to withdraw and discontinue the conflict.” Given Jones’ testimony claiming that defendant initiated the attack and the photographic evidence of Jones’ injuries, the jury could have reasonably concluded that defendant was the aggressor of the altercation and, thus, not entitled to a self-defense claim. Accordingly, we find no merit to defendant’s argument.
A Jackson sufficiency review does not require the court to determine whether it believes the evidence at trial established guilt beyond a reasonable doubt. State v. Barnes, 98-932, p. 4 (La.App. 5 Cir. 2/10/99), 729 So.2d 44, 46, writ denied, 99-1018 (La.9/17/99), 747 So.2d 1099. Rather, the reviewing court, considering the record as a whole, must determine whether any rational trier-of-fact would have found guilt beyond a reasonable doubt. Id; State v. King, 06-554, p. 9 (La.App. 5 Cir. 1/16/07), 951 So.2d 384, 391, writ denied, 2007-0371 (La.5/4/07), 956 So.2d 600. Considering the circumstances of this case, the actions of defendant, and the extent and severity of the victim’s injuries, we find evidence was constitutionally sufficient to support the jury’s finding that defendant had the |n specific intent to inflict great bodily harm upon Jones. Viewing the evidence in the light most favorable to the state, a rational trier-of-fact could find that the evidence is sufficient to support a conviction of second degree battery in violation of La. R.S. 14:34.1.
In his other assignment of error to this Court, defendant claims the trial court violated his Sixth Amendment right to confront his accuser. At trial, Jones testified he was previously convicted of simple battery for an incident in Texas. Defense counsel questioned Mr. Jones, “Now, you classified it as a Simple — ,” at which point he was interrupted by the state’s objection and a bench conference followed. Defense counsel attempted to impeach the witness by arguing that the conviction in Texas is not a “simple battery” but rather is an “assault causes injury to a family member” as provided on Jones’ criminal history report.
There is little factual information concerning the incident in Texas. At the *418 bench conference, Defense counsel apparently did not know whether the witness pled guilty, was convicted, or was merely arrested for the offense in Texas. The state indicated that it obtained a certificate of conviction but did not know any further information concerning the offense including the Louisiana law equivalent to the Texas conviction. The trial judge found that La. C.E. art. 609.1 [6] limits questioning concerning the previous conviction unless the witness denies the conviction. The trial court found that because Jones did not deny the conviction, defense counsel could not question the witness any further. The court sustained the state’s objection, to which defense counsel responded, “[o]kay.” Defense |12counsel further did not proffer the substance of the excluded testimony or the criminal history report discussed during the bench conference.
Based upon a review of the transcript, it appears defendant failed to preserve this issue for appeal. . La.C.Cr.P. art. 841(A) provides that an irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. There is no “magic-word” formula necessary for remarks to constitute an objection. Rather, it is sufficient that a party, at the time of the ruling, makes known to the court the objections to the court’s action, together with the grounds therefor. “Where the defense counsel acquiesces when the court sustains the state’s objection to the examination of a witness, that objection is waived.” State v. Favors, 09-1034, p. 14 (La.App. 5 Cir. 6/29/10), 43 So.3d 253, 261, writ denied, 2010-1761 (La.2/4/11), 57 So.3d 309. Further, when a defendant fails to proffer the substance of the excluded testimony, he is procedurally barred from assigning the error on appeal. See State v. Stevenson, 02-0079, p. 6 (La.App. 5 Cir. 4/30/02), 817 So.2d 343, 347.[7]
We find that defense counsel failed to contemporaneously object to the trial court’s ruling; he further acquiesced when the trial judge sustained the state’s objection. As such, we find that defendant is precluded from raising this error on appeal.
ERROR PATENT REVIEW
This Court routinely reviews the record for errors patent in accordance with La.C.Cr.P. art. 920. See State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Crochet, 10-387 (La.App. 5 Cir. 2/15/11), 61 So.3d 725, 731; State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). A review of the record before us reveals errors patent as discussed below.
The record indicates that the trial court failed to observe the 24-hour time delay between denying the defendant’s motions for new trial and post-judgment verdict of acquittal and sentencing as required by *419 La.C.Cr.P. art. 873[8]. Although the article does not explicitly require a 24-hour delay in sentencing after consideration of a motion for post-verdict judgment of acquittal, this Court has previously applied the Article 873 time delay to motions for post-verdict judgment of acquittal. State v. Johnson, 11-375, p. 8, 2011 WL 6821403 (La.App. 5 Cir. 12/28/11), 83 So.3d 1116; State v. Nicholas, 10-866, p. 10 (La.App. 5 Cir. 5/24/11), 67 So.3d 610, 617.
When a defendant challenges the penalty imposed and the imposed sentence is not mandatory, the failure of the trial court to observe the 24 hours delay mandated in La.C.Cr. P. art. 873 cannot be considered harmless error. Nicholas, 10-866 at 10-11, 67 So.3d at 617. However, defendant in the case before this Court is not challenging his sentence on appeal. Absent a showing of prejudice from the failure to afford the statutory delay provided in La.C.Cr.P. art. 873, reversal of a prematurely-imposed sentence is not required. State v. Seals, 95-0305, p. 17 (La.11/25/96), 684 So.2d 368, 380, cert. denied, 520 U.S. 1199, 117 S.Ct. 1558, 137 L.Ed.2d 705 (1997).
The record before us suggests that defendant knew he would be sentenced at the time of his sentencing hearing and came prepared with three witnesses to testify on his behalf. Defendant has not raised this issue on appeal and has not 114shown that he suffered any prejudice as a result of the trial court error. Upon review of the record, we find that defendant tacitly waived the statutory delay provided in La.C.Cr.P. art. 873. See State v. Jackson, 04-293, pp. 9-10 (La.App. 5 Cir. 7/27/04), 880 So.2d 69, 75, writ denied, 05-0232 (La.5/6/05), 901 So.2d 1094. Accordingly, it is unnecessary to remand this matter for re-sentencing.
An additional error present in the record before us concerns the fine imposed upon defendant and an apparent discrepancy between the commitment and the transcript. The commitment reflects that defendant received a fine of $930.50 but the transcript reflects a fine imposed of $980.50. Generally, where there is an inconsistency between the minute entry and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1983). However, in this case, the record contains a copy of the “Schedule of Fines, Fees, Sentencing Provisions and Probation Requirements,” which reflects that the appropriate fine in a non-drug case is $930.50.
As such, this matter is remanded to the trial court for review of the discrepancy discussed above and clarification of the amount of the fine imposed upon defendant.
CONCLUSION
Accordingly, for the reasons discussed above, the conviction of defendant is affirmed and this matter is remanded for action of the trial court consistent with this opinion.

AFFIRMED AND REMANDED WITH INSTRUCTIONS

. Defendant has not appealed his conviction of Resisting an Officer.

. Of Defendant’s five-year sentence as to count two, the trial court suspended two years and ordered Defendant to be on active probation and Home Incarceration for two years. Although the trial judge did not state "at hard labor” when sentencing defendant, as reflected in the commitment, she did order that defendant's sentence be served in the custody of the "Department of Corrections.” In State v. Upchurch, 00-1290 (La.App. 5 Cir. 1/30/01), 783 So.2d 398, 403, this Court determined that, while the transcript did not specifically state the sentence was to be served at hard labor, it did provide the sentence would be served in the Department of Corrections. "Only individuals actually sentenced to death or confinement at hard labor shall be confined to the Department of Corrections.” Id. (citing LSA-R.S. 15:824(C); State v. Boyd, 94-641 (La.App. 5 Cir. 12/28/94), 649 So.2d 80); State v. Vance, 06-452 (La.App. 5 Cir. 11/28/06), 947 So.2d 105, 109, writ denied, 2007-0152 (La.9/28/07), 964 So.2d 351. Accordingly, we need not remand the matter for resentencing.
Defendant filed a Motion to Reconsider Sentence, which was denied by the trial court. Defendant has not appealed the trial court’s denial of that motion nor assigned as error the sentence he received.

.Throughout the record, Mr. Jones is referred to as "Thelesmar” Jones and "Thels-mar” Jones. Accordingly, we will refer to Mr. Jones as "Jones” herein.

. Defendant was convicted of Resisting an Officer; however, defendant does not appeal this conviction.

. When the issues on appeal pertain to both sufficiency of the evidence and one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. State v. Hearold, 603 So.2d 731, 734 (La. 1992).

. La. C.E. art. 609.1, in pertinent part, provides:
C. Details of convictions. Ordinarily, only the fact of a conviction, the name of the offense, the date thereof, and the sentence imposed is admissible. However, details of the offense may become admissible to show the true nature of the offense:
(1) When the witness has denied the conviction or denied recollection thereof;
(2) When the witness has testified to exculpatory facts or circumstances surrounding the conviction; or
(3)When the probative value thereof outweighs the danger of unfair prejudice, confusion of the issues, or misleading the jury.

. Defendant attached Jones' criminal history report to his Motion for New Trial and briefed the issue of cross-examination at that time. However, because "no objection was timely made, defense counsel cannot urge on a motion for new trial the alleged error complained of.” See State v. Bowen, 292 So.2d 197, 201 (La. 1974).

. La.C.Cr.P. art. 873 provides:
If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.