MARION F. EDWARDS, Chief Judge.
|j,On original appeal, defendant/appellant, Torrey D. Brown (“Brown”), appealed his conviction of two counts of attempted first degree robbery (Counts I and II), in violation of La. R.S. 14:27:64.1; one count of first degree robbery (Count III), in violation of La. R.S. 14:64.1; and carjacking (Count IV), ⅛ violation of La. R.S. 14:64.2.[1] Prior to sentencing, the State filed a multiple bill of information, alleging Brown was a third felony offender. Brown was initially sentenced to serve ten years on Counts I and IV concurrently; five years on Counts II and III, to run consecutive to each other and to Counts I and IV, all to be served with the Department of Corrections. Additionally, the trial court imposed the sentences on Counts I, II, and IV to be served "without the benefit of parole, probation, or suspension of sentence.
Following his original sentencing, Brown was subsequently adjudicated to be a third felony offender on Count IV. The previous sentence on Count IV was |3vacated, and he was resentenced to twenty years with the Department of Corrections on Count IV, without the benefit of probation, parole, or suspension of sentence, to run concurrently to Count I, and consecutively to Counts II and III.
In our original opinion, Brown contended that the evidence was insufficient to convict him on Counts I and III; however, we found that the evidence presented at trial was sufficient to establish the essential elements of the crimes beyond a reasonable doubt. However, on patent error review, we determined that Brown’s multiple offender adjudication was invalid because, at those proceedings, he was not properly informed of the allegations against him and because his identity was not sufficiently established. We reversed his multiple offender adjudication and remanded the case to the district court for further proceedings.
The Louisiana Supreme Court granted writs on our opinion and found that the omission by the district court in advising Brown of his rights was harmless “in light of the documentary proof introduced by the state at the hearing that the defendant is the person who pled guilty to the predicate offenses, and in light of the defendant’s own admissions in his testimony at trial.”[2] The multiple offender adjudication and sentence were reinstated, and the matter was remanded to us for consideration of the remaining pro se assignments of error pretermitted on appeal.
In our original opinion, we discussed Brown’s first pro se assignment of error— his challenge to the application of the multiple offender statute. He contended that that statute provides an unconstitutional advantage to the prosecution because a defendant is not afforded the same procedural and adversarial protections as the prosecution. However, he did not raise that issue in the trial court. We stated, “This Court has held that the constitution *687 ality of a | ^statute cannot be raised for the first time on appeal.”[3] This assignment of error is without merit.
Brown further complains that his counsel was ineffective in failing to ensure that he was advised of his constitutional right to remain silent before offering a stipulation to his identity as one in the same as the defendant in the predicate convictions. Generally, an ineffective assistance of counsel claim is most appropriately addressed through an application for post-conviction relief filed in the trial court where a full evidentiary hearing can be conducted.[4] However, when the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised by an assignment of error on appeal, it may be addressed in the interest of judicial economy.[5]
In this instance, the record is sufficient to address Brown’s claim of ineffective assistance of counsel.
Generally, a criminal defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution. To prove ineffective assistance of counsel under Strickland v. Washington,[6] a defendant must show both that his attorney’s performance was deficient, and that the deficiency prejudiced him. An error is considered prejudicial if it was so serious as to deprive the defendant of a fair trial, or “a trial whose result is reliable.”[7] To prove prejudice, the defendant must demonstrate that, but for counsel’s unprofessional conduct, the outcome of the trial would have been different.[8]
|fiThe Sixth Amendment does not guarantee a defendant errorless counsel or counsel judged ineffective by hindsight.[9] Ineffective assistance claims are assessed on the facts of the particular case as seen from the counsel’s perspective at the time. As such, there is a strong presumption that counsel’s conduct will fall within the wide range of reasonable professional assistance.[10]
In remanding the matter to this Court, the Louisiana Supreme Court found:
After disregarding the fingerprint evidence, which depended on the opinion of the state’s expert to which defendant stipulated without being fully advised of his rights, the remaining documents identify defendant by his full name and date of birth. In addition, defendant admitted his two prior convictions when he testified at trial and those admissions corresponded with the state’s proof at the habitual offender hearing. The trial court could properly take those admissions into account in finding that the state thus presented sufficient proof at the habitual offender hearing that defen *688 dant was the same person who had pled guilty to the predicate offenses.[11]
The supreme court ultimately determined that any omission by the district court in advising the defendant of his rights was harmless in light of the documentary proof introduced by the State at the hearing that Brown is the person who pled guilty to the predicate offenses and in light of the his own admissions in his testimony at trial. Thus, according to the Louisiana Supreme Court, Brown’s identity was sufficiently established by means other than the stipulation. Contrary to Brown’s assertion, guilt in the multiple offender proceedings did not rest on that stipulation made by defense counsel. Accordingly, Brown has not made the necessary showing that his attorney’s performance was deficient and that the deficiency prejudiced him. This assignment of error is without merit.
On remand, we resume our error patent review and note the following: As defense counsel points out, the amended bill of information charges Brown |fiwith the offense of first degree robbery against a business, McDonald’s, rather than a person. However, as the State points out, Brown did not object to the sufficiency of the amendment and made no showing of prejudice as a result of it. Defense counsel stipulated for the record that he was aware of the amendment, and it did not change his defense. Additionally, all of the witnesses in Count I testified prior to opening arguments regarding preliminary motions, giving Brown an accurate depiction of the nature of the charges against him.
A defendant may not raise the sufficiency of an indictment for the first time after conviction, especially when the charging document fairly informed him of the charge against him and the alleged defect did not prejudice him.[12] Failure to do so waives the claim.[13]
In the instant case, Brown did not object to the sufficiency of the amended bill of information. To the contrary, defense counsel stipulated for the record that he was aware of the amendment, and it did not change his defense. Additionally, all of the witnesses in Count I testified prior to opening arguments regarding preliminary motions, giving defendant an accurate depiction of the nature of the charges against him. Therefore, Brown was not prejudiced in any way due to surprise or lack of notice.
There are no patent errors that require correction.
For the foregoing reasons, the conviction and sentence are affirmed.

AFFIRMED

. State v. Brown, 10-238 (La.App. 5 Cir. 6/29/11), 71 So.3d 1069, 1070.

. State v. Brown, 11-1656 (La.2/10/12), 82 So.3d 1232.

. State v. Lewis, 08-437 (La.App. 5 Cir. 11/12/08), 1 So.3d 535, 538, writ denied, 09-147 (La.10/2/09), 18 So.3d 102.

. State v. Taylor, 04-346, p. 10 (La.App. 5 Cir. 10/26/04), 887 So.2d 589, 595.

. State v. Taylor, supra; State v. Davis, 09-1109 (La.App. 5 Cir. 9/14/10), 45 So.3d 203, 210, reh'g denied, (10/12/10), writ denied, 10-2585 (La.4/1/11), 60 So.3d 1249.

. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

. Strickland v. Washington, supra.

. Id.

. State v. Davis, supra (citing State v. Cambre, 05-888 (La.App. 5 Cir. 7/25/06), 939 So.2d 446, 460, writ denied, 06-2121 (La.4/20/07), 954 So.2d 158).

. Id.

. State v. Brown, supra.

. State v. Suggs, 10-599 (La.App. 5 Cir. 5/31/11), 70 So.3d 60, 69, writ denied, 11-1366 (La.12/16/11), 76 So.3d 1199 (citing State v. Allen, 01-2494 (La.6/21/02), 824 So.2d 344).

.Id.