SUSAN M. CHEHARDY, Judge.
| ?In this case, defendant’s appointed appellate counsel has filed an Anders[1] brief on defendant’s behalf, asserting there is no basis for a non-frivolous appeal, and has filed a motion to withdraw as attorney of record. For the reasons which follow, we affirm defendant’s convictions and sentence on Count Two, vacate defendant’s multiple offender adjudication and enhanced sentence, and reinstate defendant’s original 10-year sentence on Count One. Finally, we grant appellate counsel’s motion to withdraw as attorney of record.

Facts and Procedural History

Because defendant pled guilty before trial, the facts were taken from the record before us. On or about July 6, 2007, during a narcotics investigation, Jefferson Parish Sheriffs Officers discovered eight grams of crack cocaine on defendant’s person as well as marijuana and a firearm in defendant’s possession.
On August 14, 2007, the Jefferson Parish District Attorney filed a two-count bill of information charging defendant, Lawrence Hubbard, in Count One, with possession of a firearm while in possession of a controlled dangerous substance L(marijuana), in violation of La. R.S. 14:95(E), and, in Count Two, with possession with intent to distribute cocaine, in violation of La. R.S. 40:967(A). On September 2, 2009, defendant’s motions to suppress evidence and statement were heard and denied.
On July 27, 2010, defendant withdrew his former pleas. With respect to Count One, defendant entered an Alford[2] or “best interest” plea to use of a firearm while in possession of a controlled dangerous substance, in violation of La. R.S. 14:95(E). With respect to Count Two, defendant entered a plea of guilty as charged to possession with intent to distribute cocaine, in violation of La. R.S. 40:967(A). Thereafter, pursuant to the plea agreement entered into by the State and the defendant, the trial judge sentenced defendant to 10 years with the Department of Corrections[3] on Count One and 15 years *598 with the Department of Corrections on Count Two, to run concurrently.
That same day, the State, seeking to enhance the penalty imposed on the underlying offense of use of a firearm while in possession of a controlled dangerous substance (Count One), filed a multiple offender bill of information alleging that defendant was a second felony offender.[4] Defendant stipulated to the allegations of the multiple bill. Thereafter, the trial judge vacated defendant’s original sentence for Count One and, pursuant to La. R.S. 15:529.1, imposed an enhanced sentence of 15 years in the custody of the Department of Corrections to |4be served without benefit of parole, probation, or suspension of sentence, to run concurrently with the sentence imposed in Count Two.
On or about July 28, 2011, defendant filed an application for post conviction relief with the district court, which was denied. When defendant sought supervisory review of that denial with this Court, we granted his application and transferred the matter to the district court to determine if defendant was entitled to an out-of-time appeal, pursuant to State v. Counterman, 475 So.2d 386 (La.1985).[5] Thereafter, on January 26, 2012, the trial court granted an out-of-time appeal.

Discussion

Under the procedure set forth by our brethren on the Fourth Circuit in State v. Benjamin,[6] which was sanctioned in State v. Mouton,[7] and adopted by this Court in State v. Bradford,[8] appointed appellate counsel has filed a brief pursuant to Anders v. California, supra, and State v. Jyles,[9] asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it.[10] The request must be accompanied by “ ‘a brief referring to anything in the record that might arguably support the appeal’ ” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court | s“in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.”[11]
*599 In State v. Jyles,[12] the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pre-trial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” [13]
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.[14] If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel.[15]
Defendant’s appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. She set forth the procedural history of the case and a statement of the facts. She recognized that the plea for count one was an Alford plea, and the facts were not articulated at the | (¡guilty plea proceeding. She acknowledged that while a court is required to ascertain that a factual basis exists for the charges when accepting an Alford plea, she explained that the trial judge who accepted the pleas also presided over the suppression hearing, where a factual basis for each charge was developed. Counsel asserted facts derived from the hearing.
Appellate counsel contends that she can find no ruling of the trial court that arguably supports the appeal. She notes that defendant was fully informed of the legal consequences of changing his pleas by both trial counsel and the district court. She explains that the plea colloquy revealed that defendant was advised of each of the rights necessary to ensure a knowing and intelligent waiver of rights for each count. Counsel suggests that the judge informed defendant of the elements of the offense and the penalty range for each of the offenses to which he was pleading.
With respect to his multiple offender adjudication, counsel adds correctly that defendant was also advised of his right to a hearing on the multiple offender bill of information.[16] Counsel explains that defendant was advised of the sentences that would be imposed for the underlying offenses and for the sentence on the multiple bill. She adds that defendant was sentenced in accordance with the plea agreement and the multiple bill stipulation. She contends that defendant is restricted by law from appealing his sentences. She requests that any and all errors patent be *600 listed as assignments of error for purposes of this appeal.
Appellate counsel has filed a motion to withdraw as attorney of record, stating that she has made a conscientious and thorough review of the trial court record and found no non-frivolous issues to raise on appeal. She contends that she |7has notified defendant that she filed a motion to withdraw and has notified defendant of his right to file a pro se brief in this appeal. She requests that she be allowed to withdraw as attorney of record.
Additionally, this Court sent defendant a letter by-certified mail informing him that an Anders brief had been filed and that he had until April 20, 2012, to file a pro se supplemental brief. As of the date of this opinion, defendant has not filed a brief.
The State responds that counsel has shown a conscientious and thorough review and recitation of the procedural history of the case and has cast an advocate’s eye over the record and determined that there were no significant non-frivolous issues upon which to base an appeal. The State notes that no pre-trial motions were preserved for review. The State further responds that defendant was advised of his Boykin rights and waived those rights. The State argues that defendant expressly agreed to his sentences and review of the sentences should be precluded because they were imposed in accordance with a plea agreement. The State concludes that counsel has conformed with the procedures set forth in Anders and Jyles and should be allowed to withdraw.
An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. Our review, however, also reveals an error patent that requires correction.
First, the bill of information in this case properly charged defendant and plainly and concisely states the essential facts constituting the offenses charged. It also sufficiently identifies defendant and the crimes charged.[17]
Further, the minute entries and commitment reflect that defendant appeared at each stage of the proceedings against him. He attended his arraignment (by | ¿video), his guilty plea proceedings, his sentencing, and his multiple bill proceedings, including his stipulation and his enhanced sentencing.
Furthermore, defendant pled guilty to both counts in the original bill of information and admitted to being a second felony offender as alleged in the multiple bill. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief.[18] An unconditional plea, willingly and knowingly made, waives any and all non-jurisdictional defendants and bars a defendant from later asserting on appeal that the State failed to produce sufficient proof at the multiple offender hearing.[19]
 Additionally, defendant filed several omnibus motions and a pro se motion to quash the indictment in this matter. Although the record does not reflect rulings on all of defendant’s pre-trial motions, when a defendant does not object to the trial court’s failure to hear or rule on a pre-trial motion prior to pleading guilty, *601 the motion is considered waived.[20] Further, defendant did not preserve for review, under State v. Crosby,[21] the denial of his motions to suppress the evidence and his statement, which were ruled on by the trial judge before the guilty plea proceeding.
Next, the record reflects a slight irregularity with defendant’s guilty plea to Count One. When a defendant pleads guilty under Alford,[22] constitutional due process requires that the record contain strong evidence of actual guilt.[23] With regard to Count One, there was no recitation of the factual basis of guilt as required under Alford.
IsAs recognized by counsel and the State, however, the judge who accepted the plea was the same judge who conducted the suppression hearing and heard the evidence presented at that time. At the hearing, the State presented testimony that a search warrant was executed and a firearm and marijuana were found within the apartment searched. Thus, even without the recitation during the guilty plea colloquy, the record reveals a sufficient factual basis for the Alford plea, and therefore, this issue did not present an issue that should have been raised on appeal.[24]
Next, moving on to the constitutional validity of both of defendant’s pleas, once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief.[25] A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin[26] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept.[27]
During the guilty plea proceeding, defendant was informed in writing in the waiver of rights form and verbally by the trial judge that he was charged with and pleading guilty to one count of possession with intent to distribute cocaine and, under Alford, to one count of use of a firearm while in possession of a controlled dangerous substance. Further, defendant was informed of his Boykin rights — his right to a judge or jury trial, to confrontation, and to remain silent — in writing on the waiver of rights form and verbally by the trial judge. Defendant indicated in writing and verbally that he understood that he was waiving these rights.
| inDuring this proceeding, defendant stated that he had not been forced, coerced, or threatened to enter his guilty pleas. Defendant indicated that he understood the possible legal consequences of pleading guilty, and wished to plead guilty at that time. He also indicated that he understood that by pleading guilty that a future felony conviction could result in the sentence being enhanced. Defendant was told during the colloquy and by means of the waiver of rights form of the sentencing ranges he faced for each count. He was also informed as to the sentences that *602 would be imposed if his guilty pleas were accepted. The judge accepted the guilty pleas as knowingly, intelligently, freely, and voluntarily made.
Moreover, defendant’s underlying sentences do not present issues for appeal. Defendant’s underlying sentences were imposed pursuant to a plea agreement. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea.[28]
Further, defendant’s sentences fall within the sentencing ranges prescribed by the statutes. Defendant pled guilty pursuant to Alford to one count of use of a firearm while in possession of a controlled dangerous substance. La. R.S. 14:95(E) provides that the offender shall be fined not more than ten thousand dollars and imprisoned at hard labor for not less than five nor more than ten years without the benefit of probation, parole, or suspension of sentence. Defendant was sentenced to ten years imprisonment with the Department of Corrections.
Defendant also pled guilty to possession with intent to distribute cocaine. La. R.S. 40:967(B)(4)(b) provides that the offender shall be sentenced to a term of imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years of said sentence being without benefit of parole, probation, |nor suspension of sentence, and may, in addition, be sentenced to pay a fine of not more than fifty thousand dollars. Defendant was sentenced to 15 years imprisonment.
As to the multiple offender proceedings, although defendant was advised in writing via the waiver of rights form, the trial judge did not verbally advise defendant of his right to remain silent at the multiple bill proceedings before accepting defendant’s stipulation to the multiple bill. We will discuss the multiple offender adjudication as an error patent, infra.
In sum, because appellant counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion, we affirm defendant’s underlying convictions and sentences and grant appellate counsel’s motion to withdraw as attorney of record.

Error patent discussion

In his Anders brief, defendant requests an error patent review, which this Court routinely provides in accordance with La. C.Cr.P. art. 920. We note the following error that requires correction.
La. R.S. 15:529.1 also implicitly requires that the trial court advise defendant of his right to remain silent before accepting the defendant’s stipulation to the allegations of the multiple bill.[29] Generally, a trial court’s failure to advise the defendant of his right to remain silent is considered harmless error, when the defendant’s multiple offender status is established by competent evidence offered by the State at a hearing, rather than by admission of the defendant.[30]
1 iJn this case, defense counsel stipulated, on July 27, 2010, that defendant was the same person who pleaded guilty to one *603 predicate offense. The record reflects that, during the ensuing hearing, the trial court did not advise the defendant of his right to remain silent. Without such advice, defendant’s acknowledgment or confession of his prior felony conviction is invalid.[31] Further, the State did not present competent evidence of defendant’s predicate conviction or his identity.
Since we find that defendant was neither informed of his rights pursuant to La. R.S. 15:529.1 nor established by competent evidence as the same person that committed the predicate felony, we must reverse defendant’s multiple offender adjudication, vacate the enhanced sentence, and reinstate the underlying sentence on Count One of 10 years.[32] We note that the State is not precluded by principles of double jeopardy from reinstituting multiple offender proceedings.[33]

Conclusion

In conclusion, we affirm defendant’s underlying convictions and sentence on Count Two. We vacate defendant’s multiple offender adjudication and enhanced sentence and reinstate the original 10-year sentence on Count One. This matter is remanded to the trial court for proceedings consistent with this opinion. Appellate counsel’s motion to withdraw is granted.

AFFIRMED IN PART; VACATED IN PART; SENTENCE REINSTATED; MOTION GRANTED

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The "best interest" or Alford plea is one in which the defendant pleads guilty while maintaining his innocence. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1122-1123.

. Although the trial court did not say "at hard labor” when sentencing defendant, as reflected in the commitment, he did state defendant's sentences were to be served in the custody of the "Department of Corrections.” Only those individuals actually sentenced to death or confinement at hard labor shall be committed to the Department of Corrections. *598 La. R.S. 15:824(C); State v. Vance, 06-452 (La.App. 5 Cir. 11/28/06), 947 So.2d 105, 109 n. 3, writ denied, 07-0152 (La.9/28/07), 964 So.2d 351.

. The multiple bill alleges that, on September 22, 2006, defendant pled guilty in the 24th Judicial District Court in case number OS-2466 to violating La. R.S. 40:967(C) and was sentenced to 2 years at hard labor. The record does not contain a certified copy of that predicate conviction.

. State v. Hubbard, 11-1098 (La.App. 5 Cir. 12/28/11)(unpublished writ disposition).

. 573 So.2d 528, 530 (La.App. 4 Cir.1990).

. 95-0981 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam).

. 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.

. 96-2669 (La.12/12/97), 704 So.2d 241, 242 (per curiam).

. The United States Supreme Court reaffirmed its position in Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).

. 96-2669 at 2, 704 So.2d at 241.

. Id.

. Bradford, supra at 1110.

. Id.

.Although counsel contends that defendant was advised of his right to remain silent before stipulating to the multiple offender bill of information, our review of the record reveals that he was not so informed. See, error patent discussion, infra, regarding incomplete advisal of rights.

. See generally, La.C.Cr.P. art. 464-66.

. State v. Wingerter, 05-697 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664.

. State v. Schaefer, 97-465 (La.App. 5 Cir. 11/25/97), 704 So.2d 300, 304.

. See, State v. Corzo, 04-791 (La.App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102.

. 338 So.2d 584 (La.1976).

. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1122-1123.

. Id. at 1122-23.

. See, State v. Craig, 10-854 (La.App. 5 Cir. 5/24/11), 66 So.3d 60.

. McCoil, 924 So.2d at 1124.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. McCoil, supra.

. See, State v. Washington, 05-211 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173.

. State v. Morgan, 06-529 (La.App. 5 Cir. 12/12/06), 948 So.2d 199, 213.

. State v. Johnson, 11-63 (La.App. 5 Cir. 11/15/11), 78 So.3d 255, 263; State v. Knight, 01-881 (La.App. 5 Cir. 2/13/02), 811 So.2d 947, 949.

. See, State v. Jones, 99-972 (La.App. 5 Cir.2/29/00), 757 So.2d 110, 114, writ denied, 00-1186 (La.9/21/01) ("A defendant must be informed of his right to remain silent prior to admitting to the allegations contained in the multiple offender bill of information.”).

. State v. Schnyder, 06-29 (La.App. 5 Cir.6/28/06), 937 So.2d 396, 403.

. State v. Johnson, 432 So.2d 815, 817 (La.1983); State v. Hill, 340 So.2d 309 (La.1976); Id.