JUDE G. GRAVOIS, Judge.
| .¿Defendant, Arthur C. Lewis, appeals his habitual offender adjudication and sentence. For the reasons that follow, we vacate defendant’s habitual offender adjudication and sentence, reinstate the sentence originally imposed on defendant, and remand the matter to the trial court for further proceedings.

PROCEDURAL HISTORY

The procedural history of this case is set forth in this Court’s opinion in defendant’s first appeal, State v. Lewis, 12-902 (La.App. 5 Cir. 6/27/13), 121 So.3d 128, 132-133, writ denied, 13-1926 (La.4/17/14), 138 So.3d 618, to-wit:
On May 11, 2012, the Jefferson Parish District Attorney filed a bill of information charging defendant with possession of cocaine in violation of LSA-R.S. 40:967(C). Defendant was arraigned on June 14, 2012, and pled not guilty. On August 20, 2012, his motion to suppress evidence was denied. Also on that date, defendant proceeded to trial, and a six- *687 person jury found him guilty as charged. On August 24, 2012, defendant was sentenced to five years imprisonment at hard labor. Also on that date, defendant filed a timely motion for appeal that was granted.[1]
Ummediately after sentencing, the State filed a multiple offender bill of information in open court alleging that defendant was a second felony offender, and defendant denied those allegations. On October 25, 2012, defendant stipulated that he was a second felony offender. The trial judge then sentenced him under the multiple bill statute to eight years imprisonment at hard labor without the benefit of probation or suspension of sentence.[2]
(Internal footnotes added.)
In defendant’s first appeal, this Court affirmed defendant’s original conviction and sentence. Lewis, 121. So.3d at 132. The Louisiana Supreme Court denied defendant’s writ application in this case on April 17, 2014. Lewis, 138 So.3d at 618. On October 23, 2014, defendant filed an application for postconviction relief (“APCR”) challenging his habitual offender sentence. He also filed a pro se motion to correct an illegal sentence. On October 28, 2014, the trial court denied defendant’s APCR without prejudice, construed defendant’s motion to correct an illegal sentence as a request for an out-of-time appeal, and granted defendant an out-of-time appeal. This appeal followed.

FACTS

The facts of this case were set forth in this Court’s opinion in defendant’s first appeal, Lewis, supra, to-wit:
On April 23, 2012, Corporal Joseph Amadeo and Sergeant Roy Jacob of the Causeway Police Department stopped defendant, Arthur C. Lewis, after observing him commit numerous traffic violations. The officers attempted to handcuff defendant for safety reasons in order to question him; however, he physically and verbally resisted them and was arrested. A search of defendant’s person yielded a small clear plastic cellophane bag containing crack cocaine.
Lewis, 121 So.3d at 132.
| ¡ASSIGNMENT OF ERROR
In his only assignment of error, defendant argues that he was denied his due process rights when he was not advised of his rights regarding the habitual offender adjudication. Defendant asserts that the appellate record does not reflect a colloquy of the trial court advising him of his right to a hearing or his right to remain silent. Defendant further asserts that there was no waiver of rights form and no reference is made to one in the transcript. Defendant argues that it was reversible error *688 when defense counsel merely stipulated to defendant being a second felony offender.
In its response brief, the State acknowledges that defendant was not advised of his rights by the trial court and that no habitual offender guilty plea form appears in the record. The State asserts that if reversible error occurred, the State is not precluded by the principles of double jeopardy from reinstituting habitual offender proceedings against defendant. The State requests that in the event that this Court vacates defendant’s habitual offender plea and sentence, the matter be remanded for further proceedings.
At defendant’s habitual offender hearing on October 25, 2012, defense counsel stipulated that defendant was a second felony offender. The trial court accepted defense counsel’s stipulation. The court advised defendant of the prescriptive period for the filing of post-conviction relief applications, but did not advise defendant of any other rights. The record does not reflect that a waiver of habitual offender rights form was executed, nor does the transcript reference a written waiver of defendant’s habitual offender rights.
La. R.S. 15:529.1 requires that the trial court advise the defendant of the allegations contained in the habitual offender bill of information, his right to a hearing, and his right to remain silent. State v. Abdul, 11-863 (La.App. 5 Cir. 1 4/24/12), 94 So.3d 801, 821, writ denied, 12-1224, 12-1226 (La.10/12/12), 99 So.3d 41. A trial court’s failure to advise the defendant of his right to remain silent and of his right to a trial is considered harmless error when the defendant’s habitual offender status is established by competent evidence offered by the State at a hearing, rather than by admission of the defendant. Abdul, 94 So.3d at 822.
However, when the defendant’s status as a habitual offender is established by his own stipulation or admission to the habitual offender bill of information without having been informed of his right to a hearing or his right to remain silent, by either the trial court or his attorney, there is reversible error. State v. Reichard, 04-110 (La.App. 5 Cir. 7/27/04), 880 So.2d 97, 103. In Reichard, this Court vacated defendant’s habitual offender adjudication and sentence because the record did not reflect that the defendant was advised of his habitual offender rights prior to his attorney stipulating to the habitual offender bill of information. Reichard, 880 So.2d. at 103-104.
In the present case, defense counsel stipulated that defendant was a second felony offender. The record reflects that, during the ensuing hearing, the trial court did not advise defendant of his right to remain silent • or his right to a hearing. Without such advice, defendant’s acknowledgment or confession of his prior felony conviction is invalid. Further, the State did not present competent evidence of defendant’s predicate conviction or his identity at the hearing. See State v. Hubbard, 12-202 (La.App. 5 Cir. 10/30/12), 103 So.3d 594, 603.
Accordingly, we find that defendant was neither informed of his rights pursuant to La. R.S. 15:529.1, nor was his habitual offender status established by competent evidence as the same person that committed the predicate felony. Therefore, we vacate defendant’s habitual offender adjudication and enhanced sentence, reinstate the underlying sentence of five years at hard labor, and remand | fithe matter for further proceedings. We further note that the State is not precluded by principles of double jeopardy from reinstituting habitual offender proceedings against defendant. See Hubbard, supra.

*689
ERRORS PATENT REVIEW

An errors patent review of defendant’s habitual offender adjudication and sentence was not conducted in defendant’s first appeal. Therefore, here, the record on appeal regarding defendant’s habitual offender stipulation and sentencing was reviewed.[3] See State v. Taylor, 01-452 (La.App. 5 Cir. 11/14/01), 802 So.2d 779, 783-84, writ denied, 01-3326 (La.1/10/03), 834 So.2d 426; and State v. Alberto, 95-540 (La.App. 5 Cir. 11/28/95), 665 So.2d 614, 625, writs denied, 95-1677 (La.3/22/96), 669 So.2d 1222 and 96-0041 (La.3/29/96), 670 So.2d 1237. Excluding the issue addressed in defendant’s assignment of error, the review reveals no errors patent that require corrective action.

CONCLUSION

For the foregoing reasons, defendant’s habitual offender adjudication and sentence are vacated, defendant’s original sentence of five years at hard labor is reinstated, and the matter is remanded to the trial court for further proceedings.

HABITUAL OFFENDER ADJUDICATION AND SENTENCE VACATED; ORIGINAL SENTENCE REINSTATED; REMANDED

. "The motion for appeal seeks relief from the verdict rendered on April 20, 2012, and the sentence imposed on April 24, 2012. It appears that this is a mistake. The verdict in this case was rendered on August 20, 2012, and the sentence was imposed on August 24, 2012.” Lewis, 121 So.3d at 132, n. 3. (Emphasis in original.)

. The motion for appeal was filed on August 24, 2012, which was the same date as defendant’s original sentencing and the filing of the habitual offender bill of information. However, the habitual offender hearing was not held until October 25, 2012. Further, defendant did not assign any errors concerning his habitual offender adjudication and sentence in his first appeal. Therefore, although the habitual offender bill denial, the habitual offender bill commitment, and a transcript of the sentencing proceedings regarding the habitual offender bill were included in the record of defendant's first appeal, defendant's habitual offender adjudication and sentence were not addressed or affirmed in his first appeal.

. It is noted that the Louisiana Supreme Court has held that "a habitual offender hearing should not be considered part of the record for purposes of error patent review and that a defendant must assign as error any perceived defect in the proceedings to preserve appellate review of the claimed error.” State v. Moore, 12-0102 (La.5/25/12), 90 So.3d 384, 385 (per curiam).